Case 1:08-cr-00698-DC   Document 16   Filed 07/29/2008   Page 1 of 7



```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x
                                 :
UNITED STATES OF AMERICA         :    INDICTMENT
                                 :
        -v.-                     :
                                 :    08 Cr.
LIJ ROYAL,                       :
    a/k/a "Stacks," and          :
LAMAR SHARPE,                    :
    a/k/a "Pudgy,"               :
                                 :
            Defendants.          :
                                 :
- - - - - - - - - - - - - - - - x
```

08 CRIM 698

COUNT ONE

The Grand Jury charges:

1. In or about May 2005, in the Southern District of New York, LIJ ROYAL, a/k/a "Stacks," and LAMAR SHARPE, a/k/a "Pudgy," the defendants, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and would and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, ROYAL and SHARPE, the defendants, and others known and unknown, agreed together to rob narcotics and/or narcotics proceeds from a suspected narcotics dealer.

Overt Act

2.   In furtherance of the conspiracy and to effect the illegal object thereof, the following overt act, among others, was committed in the Southern District of New York and elsewhere:

a.   On or about May 4, 2005, in the vicinity of 1930 Edenwald Avenue, Bronx, New York, LIJ ROYAL, a/k/a "Stacks," and LAMAR SHARPE, a/k/a "Pudgy," the defendants, and others known and unknown, committed a gunpoint robbery at the home of a suspected narcotics dealer, during which robbery several victims were bound with duct tape.

(Title 18, United States Code, Section 1951.)

COUNT TWO

The Grand Jury further charges:

3.   On or about May 4, 2005, in the Southern District of New York, LIJ ROYAL, a/k/a "Stacks," and LAMAR SHARPE, a/k/a "Pudgy," the defendants, and others known and unknown, unlawfully, willfully, and knowingly did commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, ROYAL and SHARPE, the defendants, and others known and unknown, robbed and aided and abetted the robbery of several thousand dollars from the home of a suspected narcotics

dealer in the vicinity of 1930 Edenwald Avenue in the Bronx, New York, during which robbery several victims were bound with duct tape.

(Title 18, United States Code, Sections 1951 and 2.)

## COUNT THREE

The Grand Jury further charges:

4.  On or about May 4, 2005, in the Southern District of New York, LIJ ROYAL, a/k/a "Stacks," and LAMAR SHARPE, a/k/a "Pudgy," the defendants, unlawfully, willfully, and knowingly, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the robbery charged in Count Two of this Indictment, did use and carry firearms, and, in furtherance of such crime, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, which were brandished during the robbery charged in Count Two.

(Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2.)

## COUNT FOUR

The Grand Jury further charges:

5.  From in or about 2002, up to and including in or about April 2008, in the Southern District of New York and elsewhere, LIJ ROYAL, a/k/a "Stacks," and LAMAR SHARPE, a/k/a "Pudgy," the defendants, and others known and unknown, unlawfully, intentionally, and knowingly did combine, conspire,

3

confederate, and agree together and with each other to violate the narcotics laws of the United States.

6.   It was a part and an object of the conspiracy that the defendants, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, to wit, 50 grams and more of mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as "crack," in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(A).

### Overt Acts

7.   In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

   a.   On or about January 9, 2005, LIJ ROYAL, a/k/a "Stacks," the defendant, possessed approximately 500 grams of crack cocaine in the Bronx, New York.

   b.   In or about 2005, LAMAR SHARPE, a/k/a "Pudgy," the defendant, sold crack cocaine in the Bronx, New York.

(Title 21, United States Code, Section 846.)

### FORFEITURE ALLEGATION

8.   As the result of committing the offenses in violation of Title 18, United States Code, Section 1951, alleged

in Counts One and Two of this Indictment, LIJ ROYAL, a/k/a "Stacks," and LAMAR SHARPE, a/k/a "Pudgy," the defendants, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses, for which the defendants are jointly and severally liable, including but not limited to a sum in United States currency representing the amount of proceeds obtained as a result of the offenses.

        9.    As a result of committing the controlled substance offense alleged in Count Four of this Indictment, defendants LIJ ROYAL, a/k/a "Stacks," and LAMAR SHARPE, a/k/a "Pudgy," shall forfeit to the United States pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds the said defendants obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Counts Four of this Indictment, for which the defendants are jointly and severally liable, including but not limited to a sum in United States currency representing the amount of proceeds obtained as a result of the offense.

<u>Substitute Assets Provision</u>

10. If any of the forfeitable property described above, as a result of any act or omission of the defendants:

    (1) cannot be located upon the exercise of due diligence;

    (2) has been transferred or sold to, or deposited with, a third person;

    (3) has been placed beyond the jurisdiction of the Court;

    (4) has been substantially diminished in value; or

    (5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property.

(Title 18, United States Code, Section 981,
Title 28, United States Code, Section 2461,
Title 18, United States Code, Section 1951, and
Title 21, United States Code, Sections 841(a)(1) and 853.)

_____  _____
FOREPERSON                       MICHAEL J. GARCIA
                                 United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

- v -

LIJ ROYAL,
a/k/a "Stacks,"

and

LAMAR SHARPE,
a/k/a "Pudgy,"

Defendants.

---

INDICTMENT

08 Cr. ___

(Title 18, United States Code,
Sections 1951 and 924(c) and Title 21,
United States Code, Section 846.)

---

MICHAEL J. GARCIA
United States Attorney.

A TRUE BILL

*[signature]*
Foreperson.

*[handwritten: 7/29/08 Filed Indictment Case assigned to Judge Chin s/ Mag. Judge Katz]*